Case 2:21-cv-00287   Document 18   Filed on 04/08/22 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
April 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARCUS DOWNIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-00287 |
| | § | |
| HERMAN AND HERMAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

Plaintiff Marcus Downie, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.  For purposes of screening, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the undersigned recommends that Plaintiff's case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

### I.   JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and recommendations on dispositive motions, pursuant to 28 U.S.C. § 636.

### II.   PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a pretrial detainee at the Nueces County Jail in Corpus Christi, Texas.  In this action, Plaintiff sues the following defendants: (1) the law firm Herrman and Herrman,[1] and (2)

---

[1] Plaintiff incorrectly spells Defendant's law firm as "Herman and Herman." The correct spelling is "Herrman and Herrman."

the owners and supervisors of a H.E.B. grocery store. (Doc. No. 1, p. 3.)

Plaintiff alleges the following facts in his complaint. Plaintiff was struck by a vehicle as he was crossing on a sidewalk in front of a H.E.B. grocery store located in Corpus Christi, Texas. *Id.* at 2. Plaintiff holds the unidentified owners and supervisors of this H.E.B. store responsible for failing to correct and/or fix a stop sign on the property that would have alerted the operator of the vehicle to stop and avoid the accident. *Id.*

While difficult to glean from the complaint, it appears that attorneys from the law firm of Herrman and Herrman represented Plaintiff in a personal injury action brought against H.E.B. *Id.* at 2, 5. Plaintiff claims that the attorneys from Herrman and Herrman violated Plaintiff's constitutional rights by failing to abide by professional standards and duties in representing Plaintiff. *Id.* at 5-6. According to Plaintiff, these attorneys provided ineffective representation. *Id.* at 6. In addition to seeking monetary relief against Defendants, Plaintiff asks the Court to appoint another law firm to represent Plaintiff in his civil lawsuit. *Id.* at 6-7.

### III.  LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis*, the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See also* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

"Federal courts are courts of limited jurisdiction having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress." *Johnson v. U.S.*,

460 F.3d 616, 621, n.6 (5th Cir. 2006).  Courts, therefore, also have "an independent duty to examine their own subject matter jurisdiction."  *Brown v. Lnu*, No. 3:14-cv-2717, 2014 WL 4968211, at *1 (N.D. Tex. Sep. 19, 2014) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) and *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005)).

"It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking."  *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  Thus, "[i]f necessary, federal courts should inquire *sua sponte* whether they have jurisdiction over a matter before proceeding further."  *Coker v. McGuire*, No. 1:21-cv-386, 2021 WL 6206803, at *1 (E.D. Tex. Nov. 18, 2021) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93 (1998)).

## IV.   DISCUSSION

The undersigned first considers whether this Court has subject matter jurisdiction in this case.  "Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties."  *Taylor v. Kendall Law Group PLLC*, No. 3:21-CV-65-C-BN, 2021 WL 863214, at *2 (N.D. Tex. Jan. 15, 2021), *adopted*, 2021 WL 859135 (N.D. Tex. Mar. 8, 2021) (citing 28 U.S.C. §§ 1331, 1332)).

On the issue of whether Plaintiff's case raises a federal question, Plaintiff filed this action pursuant to § 1983.  This statute provides a vehicle for redressing violations of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff seeks to hold Defendants liable under § 1983 for violations of his constitutional rights. The defendants identified by Plaintiff, however, are private parties and not state actors. Only state actors generally can be held liable under § 1983. *Nelson*, 541 U.S. at 643; *DeVilbiss v. Jackson*, No. SA-20-CV-00878, 2020 WL 4586162, at *2 (W.D. Tex. Aug. 10, 2020), *adopted*, 2020 WL 5249246 (W.D. Tex. Sep. 3, 2020).

In certain circumstances, a private party may be deemed acting "under color of state law" and held liable under § 1983. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). A private party may be deemed a state actor under "three circumstances, (1) where there is a sufficiently close nexus between the state and the challenged action of the private party so that the action of the party may be fairly treated as that of the state itself, (2) where the private party has exercised powers that are 'traditionally the exclusive prerogative of the state,' or (3) where the state has exercised coercive power or has provided significant encouragement, either overt or covert, that the action of the private party must in law be deemed to be that of the state." *Rodgers v. City of Lancaster Police*, No. 3:13-CV-2031, 2017 WL 457084, at *13 (N.D. Tex. Jan. 6, 2017), *adopted*, 2017 WL 447216 (Feb. 2, 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1981)).

Plaintiff sues a private law firm, Herrman and Herrman, as well as owners and supervisors of an H-E-B grocery store. Plaintiff has not alleged any specific facts to support a finding that any one of these defendants acted under color of law, conspired with a state actor, or exercised powers that were traditionally the exclusive prerogative of the state. Because Plaintiff fails to allege facts that Defendants were acting under color of state law, § 1983 does not provide him with a basis for federal question jurisdiction. Plaintiff cites no other statute which would provide a federal law nexus. *See Coker*, 2021 WL 6206803, at *2.

To the extent that Plaintiff attempts to raise a state law claim under Texas law, as opposed to a federal constitutional claim, he has failed to show that this Court has diversity jurisdiction under § 1332.  As noted above, diversity jurisdiction requires complete diversity between Plaintiff and each named defendant.  *See* 28 U.S.C. § 1332.

Plaintiff has failed to satisfy his burden requiring him to allege "distinctly and affirmatively" the citizenship of the parties as a basis for diversity jurisdiction.  *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).  Plaintiff's complaint reflects that he is a Texas resident, currently detained at the Nueces County Jail.  (Doc. No. 1, p. 4).  He seeks to sue a Texas-based law firm and the owners of a Texas-based grocery store.[2]  Because Plaintiff and Defendants are all citizens of Texas, Plaintiff may not proceed under the Court's diversity jurisdiction.

## V. RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends that this action be **DISMISSED without prejudice** for lack of subject matter jurisdiction because Plaintiff's complaint fails to show that he has either raised a federal question or properly invoked the Court's diversity jurisdiction.

## VI. NOTICE

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **14 days** after being served with a copy of this Memorandum and Recommendation, any party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1),

---

[2]  The H.E.B. store sued by Plaintiff is part of H.E.B., Inc., a supermarket chain headquartered in San Antonio, Texas. *See Integrated Distribution Servs., Inc. v. H.E.B., Inc.*, No. SA-12-CV-271, 2012 WL 5355730, at *1 (W.D. Tex. Oct. 29, 2012).

General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that are accepted by the District Court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

SIGNED on April 8, 2022.

_____
MITCHEL NEUROCK
United States Magistrate Judge